1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT

9          SOUTHERN DISTRICT OF CALIFORNIA

10

11   ERIN RAMON AMIE,                        Case No.:  23cv1430 GPC (LR)

12                                           **ORDER DISMISSING CASE**
                              Petitioner,    **WITHOUT PREJUDICE**
13

14   v.

15   J. HILL, Warden,

16                              Respondent.

17          Petitioner, who is a state prisoner proceeding pro se, has filed a Petition for a Writ

18   of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging a conviction from the Los

19   Angeles County Superior Court.  (ECF No. 1.)  For the reasons discussed below, the

20   Petition is **DISMISSED** without prejudice.

21             <u>**FAILURE TO SATISFY FILING FEE REQUIREMENT**</u>

22          Petitioner has not paid the $5.00 filing fee and has not filed an application to proceed

23   in forma pauperis.  Because this Court cannot proceed until Petitioner has either paid the

24   filing fee or has qualified to proceed in forma pauperis, the Petition is subject to dismissal

25   without prejudice.  *See* Rules Governing § 2254 Cases, Rule 3(a), 28 U.S.C. § foll. 2254.

26                   <u>**FAILURE TO USE PROPER FORM**</u>

27          A Petition for a Writ of Habeas Corpus must be submitted in accordance with the

28   Local Rules of the Southern District of California.  *See* Rules Governing § 2254 Cases,

Rule 2(d), 28 U.S.C. foll § 2254; *see also* Civ LR HC.2(b).  In order to comply with the Local Rules, the petition must be submitted upon a court-approved form and in accordance with the instructions approved by the Court.  In this case, Petitioner has not submitted the petition on the approved form.

## JURISDICTION

A petition for writ of habeas corpus may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced.  *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 497 (1973).  Petitioner is presently confined at Richard J. Donovan State Prison in San Diego, California, located in San Diego County, which is within the jurisdictional boundaries of the United States District Court for the Southern District of California.  28 U.S.C. § 84(d).  Petitioner indicates he is challenging a conviction from the Los Angeles County Superior Court (*see* ECF No. 1 at 1), which is within the jurisdictional boundaries of the United States District Court for the Central District of California, Western Division.  28 U.S.C. § 84(c)(2).  Thus, jurisdiction exists in both the Central and Southern Districts.

When a habeas petitioner is challenging a judgment of conviction, the district court of the district in which the judgment of conviction was entered is a more convenient forum because of the accessibility of evidence, records and witnesses.  Thus, it is generally the practice of the district courts in California to transfer habeas actions questioning judgments of conviction to the district in which the judgment was entered.  Any and all records, witnesses and evidence necessary for the resolution of Petitioner's contentions are available in Los Angeles County.  *See Braden*, 410 U.S. at 497, 499 n.15 (stating that a court can, of course, transfer habeas cases to the district of conviction which is ordinarily a more convenient forum); *Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968).

However, in this instance, it does not appear the interests of justice counsel in favor of transferring this case, because Petitioner has not stated a federal habeas claim.  Petitioner has only attached copies of a 2008 Los Angeles County Superior Court felony complaint

and amended felony complaints for an arrest warrant concerning a murder charge and allegations of prior convictions in Los Angeles County Superior Court case number BA336601, without comment.[1]  (*See* ECF No. 1 at 1, 3-13.)  Because the Petition is in any event subject to dismissal in view of the numerous deficiencies discussed below, the furtherance of justice does not presently favor transfer.

## **FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM**

Additionally, in accordance with Rule 4 of the rules governing § 2254 cases, Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States.

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added).  *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1464-65 (9th Cir. 1986).  Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant

---

[1] The Court judicially notices Petitioner appears to have challenged this same judgment in So.Dist.Ca. Case No. 20cv0897-JLS-LL, which the Court transferred to the Central District of California, Western Division where it was assigned Cent.Dist.Ca. Case No. 20CV04916-JVS-AS and was thereafter voluntarily dismissed by Petitioner.  (*See* ECF Nos. 1-2 in So.Dist.Ca. Case No. 20cv0897-JLS-LL); (*see* ECF Nos. 1, 12 in Cent.Dist.Ca. Case No. 20cv04916-JVS-AS); *see United States v. Raygoza-Garcia*, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER."), citing Fed. R. Evid. 201(b) and *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004).

to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States."  *See* 28 U.S.C. § 2254(a).

Again, Petitioner has not articulated any federal habeas claim or claims in the instant Petition and has instead only attached copies of a felony complaint and amended felony complaint to his filing.  Thus, in no way does Petitioner claim he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254.  Further, the Court notes that Petitioner cannot simply amend his Petition to state a federal habeas claim and then refile the amended petition in this case.  He must exhaust state judicial remedies before bringing his claims in a federal habeas action.

## FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES

Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies.  28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).  To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition.  28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34.  Ordinarily, to satisfy the exhaustion requirement, a petitioner "'must fairly present[]' his federal claim to the highest state court with jurisdiction to consider it, or . . . demonstrate[] that no state remedy remains available. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted).  Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated.  For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (emphasis added).  In addition to Petitioner's failure to allege any claims for federal habeas relief, Petitioner does not allege that he raised any claims he wishes to bring on federal habeas review in the California Supreme Court.  If Petitioner has raised his claims in the California Supreme Court he must so specify.

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ."  Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.  Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending.  28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999); *see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings.").  However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending.  *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

///

///

## CONCLUSION AND ORDER

For the foregoing reasons, the Petition is **DISMISSED** without prejudice.  If Petitioner wishes to proceed with this case, Petitioner must submit, **no later than September 9, 2023**, a copy of this Order along with **BOTH**: (1) a completed First Amended Petition form that cures the pleading deficiencies outlined in the instant Order **and** (2) either the $5.00 fee or adequate proof of Petitioner's inability to pay the fee.  The Clerk of Court is directed to send Petitioner a blank Southern District of California amended § 2254 habeas petition form and in forma pauperis application along with a copy of this Order.  If Petitioner intends to proceed with a habeas action pursuant to § 2254 challenging a Los Angeles County Superior Court conviction, he should instead file his federal habeas petition in the Central District of California, Western Division.

**IT IS SO ORDERED.**

Dated:  August 15, 2023

Hon. Gonzalo P. Curiel
United States District Judge

23cv1430 GPC (LR)